■ EUROPEAN AMERICAN BANK, Respondent-Appellant, v UNITED CAPITAL CORP., Appellant-Respondent.—In an action, *inter alia,* to declare that the defendant breached a contract for the sale of real property, (1) the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Winick, J.), entered August 19, 1985, as, *inter alia,* upon its cross motion for summary judgment, declared that neither party was then in default under the terms of the contract; and (2) the plaintiff cross-appeals, as limited by its brief, from so much of the same judgment as denied its motion for summary judgment.

Judgment reversed, on the law, with costs to the plaintiff, motion granted, cross motion denied, and it is declared that the defendant breached the contract of sale in question.

Special Term erred in *sua sponte* addressing the issue of whether the closing date set forth in the parties' contract of sale was of the essence, and in finding that that date was not of the essence and that a law date had to be fixed and passed before either party could be declared to be in default under the terms of the contract. In their respective motion papers,

each party claimed that the other party had breached the contract. However, neither party claimed that it had not breached the contract because the closing date set forth in the contract was not of the essence. The record indicates that at the time of the contract closing date of June 12, 1985, the positions of the respective parties were set, with the defendant claiming, *inter alia,* that the plaintiff had breached the terms of the agreement by refusing to provide certain affirmative title insurance, and the plaintiff claiming that it had complied with all its contractual obligations and that the defendant was in breach for failing to proceed with the closing. Neither party requested an adjournment of the closing date to enable it to proceed with the contract. Therefore, whether the closing date set forth in the parties' contract is of the essence is irrelevant.

A review of the record indicates that the plaintiff is entitled to summary judgment on its complaint inasmuch as the defendant's claim that the plaintiff did not seek to convey title in accordance with the contract of sale is without merit. While the defendant claimed that the title insurance provided with regard to "Exception 10" of the title insurance policy did not conform to what the parties bargained for in the contract of sale, the record indicates that the type of insurance provided was precisely that bargained for, that the exact language contained in the parties' contract of sale was incorporated word for word into the insurance policy. Furthermore, while the defendant also objected to "Exceptions I and J" contained in the updated title report, the objections were not timely raised pursuant to paragraph III (5) of the contract of sale, which provided that the failure to give timely notice of objection "shall be deemed a waiver by [the] Purchaser of such defect, encumbrance, lien or objection to title". Moreover, the record indicates that the Chicago Title Insurance Company agreed to omit exceptions I and J from the updated title report, and that under the terms of the contract, the defendant was obligated to "accept such title as the *Chicago Title Insurance Company* is willing to approve and insure" (emphasis added). Thus, inasmuch as the defendant's objections to title were without merit, the defendant breached the contract by refusing to proceed with the closing. Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.